## S. Haskead *v.* A. W. Mallory.

**Real Estate—Adverse Possession—Grantee's Knowledge of Claim.**
　A possession is not adverse where the person holding it looks for title to another under whom he holds.

**Grantee's Knowledge of Claim.**
　Where the real holder of title conveys it to another who knows that one in possession is asserting a claim, he takes the title subject to any defense such claimant may have.

APPEAL FROM TODD CIRCUIT COURT

September 16, 1874.

Opinion by Judge Cofer:

We do not think the circuit court abused a sound discretion in allowing appellee's amended petition to be filed, especially in view of the fact alleged therein, and not denied, that appellant's deed, to attack which, as champertous, seems to have been the principal inducement to the filing of the amendment, had only been filed a few days before.

That both Martin and appellee knew and recognized the fact that Cidcock held the legal title, and that Martin looked to him for title up to the time of his alleged sale to appellee, is clearly established by the evidence. That such a possession is not adverse is well settled. *Gossom v. Donaldson,* 18 B. Mon. 185. The agreement by which Martin sold his interest in the land to appellee, expressly recognized Cidcock as holding the title; he took possession to hold until the title could be procured from Cidcock; and there is nothing to indicate a change in the character of appellee's holding prior to the date of the deed from Martin in 1869.

The conveyance from Cidcock to appellant was made in 1867, while appellee held under the arrangement with Martin, and was looking to Cidcock for title, and were not champertous, but appellant had notice of the character of appellee's claim, and took the legal title subject to any equity in Martin, or in his vendee; so that appellant stands in precisely the same position that Cidcock would have stood if he, instead of appellant, had been sued.

It is alleged in the amended petition that at or about the date of the sale of the land to Martin, Cidcock gave him a title bond, agreeing therein to convey the land to said Martin. This allegation is not denied, and as appellant knew Martin was in possession, and that appellee had entered under him, he holds the legal title subject to the superior equity of appellee. But as he holds subject to the equities of appellee, because he stands in the position of Cidcock, he, for the same reason, has the same rights that Cidcock would have had; and as Cidcock could not have been compelled to convey until he was paid for the land, it was error to bar appellant's right without payment to him of the unpaid purchase money, which the evidence shows was agreed, in 1861, to be twenty-five dollars. But when that sum, with interest from January 1, 1862, is paid, appellant ought to be adjudged to convey the land to appellee.

For the error indicated, the judgment is *reversed,* and the cause is remanded for further procedings as herein directed.

*Terry & Perkins, for appellant.*